**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| CRAIG HOY<br>246 Chasely Circle<br>Powell, OH 43065,<br><br>    Plaintiff,<br><br>v.<br><br>BANK OF AMERICA CORPORATION<br>dba Bank of America NA<br>c/o CT Corporation System<br>4400 Easton Commons Way Suite 125<br>Columbus, OH 43219,<br><br>    Defendant. | CASE NUMBER: 2:17-cv-840<br><br>JUDGE:<br><br><br><br>**JURY DEMAND ENDORSED HEREIN** |

**COMPLAINT FOR MONEY DAMAGES**

The following allegations are based upon Plaintiff Craig Hoy's ("Mr. Hoy") personal knowledge, the investigation of counsel, and information and belief.  Mr. Hoy, through counsel, alleges as follows:

**I.    INTRODUCTION**

1. Mr. Hoy brings this action against Bank of America Corporation ("Defendant") for damages he suffered as a result of Defendant's failure to abide by federal law to timely and adequately respond to Mr. Hoy's requests for information and to correct errors regarding the servicing of his mortgage specifically related to loss mitigation, after Defendant instituted foreclosure proceedings against Mr. Hoy and his wife.

**II. PRELIMINARY STATEMENT**

2. Mr. Hoy institutes this lawsuit for actual damages, statutory damages, attorney fees, and the costs against Defendant for violations of the Real Estate Settlement Procedures Act,

1

12 U.S.C. § 2601, *et seq.* ("RESPA") and against Defendant for violations of the Truth In Lending Act, 15 U.S.C. § 1601, *et seq.*, ("TILA").

## II. JURISDICTION & VENUE

3. This Court has jurisdiction for the First Count pursuant to RESPA, 12 U.S.C. § 2614, Regulation X, 12 C.F.R. 1024, *et. seq.*, and 28 U.S.C. §§ 1331 and 1337.

4. This Court has jurisdiction over the Second Count pursuant to TILA, 15 U.S.C. 1640(e), and 28 U.S.C. 1331 and 1337.

5. This Court has personal jurisdiction over Defendant because Defendant transacts business within the District, the mortgage loan was incurred within this District, and the property that is the subject of the mortgage loan is located within this District. *International Shoe v. Washington*, 326 U.S. 310 (1945).

6. Venue is proper in accordance with 28 U.S.C. 1391(b)(2), as the subject property is located within the District.

7. Venue is proper in accordance with 28 U.S.C. 1391(b)(3), as Defendant is subject to personal jurisdiction in this District.

## III. PARTIES

8. Mr. Hoy is a natural person currently residing within this Court's jurisdiction at 246 Chasely Circle, Powell, OH 43065.

9. Mr. Hoy was and is a **person** within the meaning of RESPA at 12 U.S.C. § 2602(5) at all times relevant to this transaction.

10. Defendant is a corporation organized under the laws of the State of Delaware; and registered as a foreign corporation with the Ohio Secretary of State.

11. Defendant was and is a **person** within the meaning of RESPA at 12 U.S.C. § 2602(5) at all times relevant to this transaction.

12. Defendant was and is a loan **servicer** of Mr. Hoy's **federally related mortgage loan** within the meaning of those terms in RESPA at 12 U.S.C. §§ 2605(i)(2) and 2602(1), respectfully, at all times relevant to this transaction.

13. At all times relevant to this transaction, Mr. Hoy was and is a **Borrower** of a federally related mortgage loan within the meaning of RESPA.

14. At all times relevant to this transaction, Defendant engaged and engages in **Servicing** Mr. Hoy's residential Mortgage Loan within the meaning of RESPA, 12 U.S.C. 2605(i)(3).

15. Mr. Hoy was and is a **consumer** within the meaning of TILA, 15 U.S.C. 1602(i).

16. Defendant regularly extends consumer credit which is payable by agreement in four or more installments, or for which the payment of a finance charge is or may be required, and thus was and is a **creditor** within the meaning of TILA, 15 U.S.C. 1602(g).

17. Mr. Hoy's mortgage loan was and is a **consumer credit transaction** within the meaning of TILA, 15 U.S.C. 1602 and Regulation Z, 12 C.F.R. 1026.2(a)(12).

## IV.   FACTS & GENERAL ALLEGATIONS

18. Mr. Hoy incorporates all paragraphs by reference as though fully written here.

19. On or about May 13, 1999, Mr. Hoy and his wife executed a note in favor of M/I Financial, LLC (the "Note") to finance the purchase of their primary residence located at 246 Chasely Circle, Powell, OH 43065 (the "Home"), which is secured by an open-end mortgage recorded in the Delaware County Recorder's Office as Instrument No. 99000016782 (the "Mortgage" collectively with the Note, the "Mortgage Loan").

20. On April 18, 2017, Defendant brought an action against Mr. Hoy and his wife for breach of note and foreclosure.

21. On May 18, 2017, Mr. Hoy sent Defendant a qualified written request within the meaning of RESPA at 12 USC § 2605(e)(1)(B) ("QWR One").

22. A true and accurate copy of QWR One is attached as Exhibit A.

23. QWR One disputed the following:

    a. Notice requesting additional information to complete a loss mitigation application or notice of Defendant's receipt of a complete application were not sent to Mr. Hoy in 2016 while attempting to modify the Mortgage Loan.

24. Mr. Hoy sent QWR One to the following Address: Bank of America, NA, Customer Service Correspondence, P.O. Box 5170, Simi Valley, CA 93062-5170 ("Address One").

25. On May 18, 2017, Mr. Hoy sent a request for payoff quote as provided under TILA 15 USC § 1639g ("Payoff Request One").

26. A true and accurate copy of Payoff Request One is attached as Exhibit B.

27. Mr. Hoy sent Payoff Request One to Address One.

28. As of May 18, 2017, Defendant communicated Address One on their website as the designated address to receive qualified written requests at URL link: https://promotions.bankofamerica.com/respa/.

29. The URL link in the preceding paragraph has since been taken down by Defendant.

30. Mr. Hoy incurred the cost of mailing QWR One and Payoff Request One via certified mail, which was $13.12.

31. Mr. Hoy incurred the cost of counsel's time preparing QWR One and Payoff Request One, which was $987.10.

32. QWR One and Payoff Request One were returned as undeliverable on May 30, 2017.

33. True and accurate copies of the returned mailings are attached as Exhibit C.

34. On May 31, 2017, Mr. Hoy sent Defendant a second qualified written request within the meaning of RESPA at 12 USC § 2605(e)(1)(B) ("QWR Two").

35. A true and accurate copy of QWR Two is attached as Exhibit D.

36. On May 31, 2017, Mr. Hoy sent Defendant a second payoff request ("Payoff Request Two.").

37. Mr. Hoy sent QWR Two and Payoff Request Two to the following address: Bank of America, NA, P.O. Box 942019, Simi Valley, CA 93094-2019 ("Address Two").

38. QWR Two disputed the following:

    a. Notice requesting additional information to complete a loss mitigation application or notice of Defendant's receipt of a complete application were not sent to Mr. Hoy in 2016 while attempting to modify the Mortgage Loan.

    b. The mailing address appearing on Defendant's website designated to receive qualified written requests is not accurate.

39. Mr. Hoy incurred the cost of mailing QWR Two via certified mail, which was $14.27.

40. Mr. Hoy incurred the cost of counsel's time preparing QWR Two, which was $265.00.

41. On or about June 5, 2017, Defendant received QWR Two.

42. On June 13, 2017, Defendant sent a letter dated June 12, 2017, acknowledging receipt of Mr. Hoy's correspondence ("Late Acknowledgment").

43. A true and accurate copy of the Late Acknowledgment is attached as Exhibit E.

44. On July 13, 2017, Defendant mailed Mr. Hoy a notification of extension of time to investigate and respond to QWR Two until August 8, 2017.

45. A true and accurate copy of the July 12, 2017 notification is attached as Exhibit F.

46. On August 8, 2017, Defendant mailed Mr. Hoy a response to QWR Two.

47. A true and accurate copy of the August 8, 2017 response is attached as Exhibit G.

48. The August 8, 2017 response failed to respond adequately to the 2 notices of error identified in QWR Two.

## V. FIRST COUNT - RESPA

49. Mr. Hoy incorporates all paragraphs by reference as though fully written here.

50. Defendant maintained a website that wrongly communicated Address One as the designated address to receive qualified written requests.

51. As a result, Mr. Hoy never received any response to QWR One from Defendant.

52. By failing to post the correct designated address for receiving notice of errors and requests for information on the Web site maintained by the servicer, Defendant violated 12 CFR § 1024.35(c) and 12 CFR § 1024.36(b).

53. By failing to acknowledge receipt of QWR One within five days of receiving it, Defendant violated 12 CFR § 1024.35(d). and 12 CFR § 1024.36(c).

54. By failing to adequately respond to the QWR One, Defendant violated RESPA at 12 U.S.C. § 2605(e)(2); 12 CFR § 1024.35(e); 12 CFR § 1024.36(d).

55. Defendant received QWR Two on June 5, 2017 but failed to mail written notice acknowledging receipt of QWR Two until June 13, 2017

56. By failing to acknowledge receipt of QWR Two within five days of receiving it, Defendant violated 12 CFR § 1024.35(d). and 12 CFR § 1024.36(c).

57. Defendant replied to QWR Two but did not adequately respond or correct the dispute for the following reasons:

6

    a. Defendant's response is misleading as it did not acknowledge that Defendant communicated Address One on a website it maintained as of May 18, 2017.

    b. Defendant's response is misleading stating that QWR One was returned because it "was sent to the incorrect mailing address."

58. By failing to adequately respond to the QWR Two, Defendant violated RESPA at 12 U.S.C. § 2605(e)(2); 12 CFR § 1024.35(e); 12 CFR § 1024.36(d).

59. By failing to adequately respond to QWR Two within 45 days after receiving it, Defendant violated RESPA and Regulations X, 12 CFR 1024.35(e)(3) and 12 CFR 1024.36(d)(2).

60. Defendant has engaged in a pattern of non-compliance with the requirements of the mortgage servicer provisions of RESPA as set forth in 12 USC § 2605, and Regulation X at 12 CFR § 1024.35(e) and 12 CFR § 1024.36(d).

61. Due to these violations, Defendant is liable to Mr. Hoy in the amount of his actual damages, additional damages in the amount of at least $2,000, plus attorney' fees, and costs of the action, including pursuant to 12 USC § 2605(f).

**SECOND COUNT-TILA**

62. Mr. Hoy incorporates all paragraphs by reference as though fully written here.

63. Defendant never responded to Payoff Request One.

64. Defendant failed to provide Mr. Hoy an accurate payoff balance within seven business days of receipt of a written request (Payoff Request One) from or on behalf of Mr. Hoy. 15 USC § 1639g and 12 CFR § 1026.36(c)(3).

65. Defendant is liable to Mr. Hoy for its violations of TILA in an amount of at least: Mr. Hoy's maximum actual damages, statutory damages of at least $4,000; and the costs of this action and attorney's fees, including pursuant to 15 USC § 1640(a).

## IV.   PRAYER FOR RELIEF

66. Assume jurisdiction of this case;

67. Award Mr. Hoy maximum actual, economic, non-economic, statutory, punitive, and other damages allowable under the law;

68. Award Mr. Hoy actual damages to be established at trial pursuant to 12 USC § 2605(f) and 15 USC § 1640(a);

69. Award Mr. Hoy statutory damages in the amount of at least $2,000, plus attorney fees, and costs of the action, including pursuant to 12 U.S.C. § 2605(f);

70. Award Mr. Hoy statutory damages in the amount of at least $4,000, plus attorney fees, and costs of the action, including pursuant to 15 USC § 1640(a);

71. Award Mr. Hoy additional damages and costs;

72. Declared that Defendant's acts and practices violate RESPA and TILA; and

73. Award such other relief as the Court deems appropriate.

Dated this 25$^h$ day of September, 2017.

Respectfully Submitted,
DOUCET & ASSOCIATES CO., L.P.A.


*/s/ Sean M. Kohl*
Sean M. Kohl (0086726)
*Attorney for Plaintiff Craig Hoy*
700 Stonehenge Parkway, Suite 2B
Dublin, OH 43017
(614) 944-5219 Phone
(818) 638-5548 Fax
Sean@Doucet.Law

## JURY TRIAL DEMANDED

The plaintiff respectfully requests a jury trial on all triable issues.

>                             */s/ Sean M. Kohl*
>                             Sean M. Kohl (0086726)